Michael R. Kealy, Bar No. 971
Robert W. DeLong, Bar No. 10022
PARSONS BEHLE & LATIMER
50 West Liberty Street, Suite 750
Reno, NV 89501
Telephone: (775) 323-1601
Facsimile:  (775) 348-7250
mkealy@parsonsbehle.com
rdelong@parsonsbehle.com

Attorneys for Defendants/Counterclaimant
WIND PUMP POWER, LLC,
SUNFLOWER WIND, LLC, and
DAN RASURE

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| NEVADA CONTROLS, LLC, a Nevada Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>WIND PUMP POWER, LLC, a Kansas Limited Liability Company, SUNFLOWER WIND, LLC, a Kansas Limited Liability Company; DAN RASURE, an individual,<br><br>Defendants.<br><br>WIND PUMP POWER, LLC, a Kansas Limited Liability Company,<br><br>Counterclaimant,<br><br>v.<br><br>NEVADA CONTROLS, LLC, a Nevada Limited Liability Company,<br><br>Counterdefendant. | Case No.  3:12-cv-00068<br><br><br>**DEFENDANTS' ANSWER TO COMPLAINT AND COUNTERCLAIM** |

Defendants, WIND PUMP POWER, LLC, SUNFLOWER WIND, LLC and DAN RASURE, by and through their counsel of record, Parsons Behle & Latimer, hereby admit, deny and allege as follows in response to Plaintiff's Complaint on file herein:

## JURISDICTION

1. Answering Paragraph 1 of Plaintiff's Complaint, Defendants admit the allegations contained therein.

## PARTIES AND VENUE

## PARTIES

2. Answering Paragraph 2 of Plaintiff's Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

3. Answering Paragraph 3 of Plaintiff's Complaint, Defendants admit the allegations contained therein.

4. Answering Paragraph 4 of Plaintiff's Complaint, Defendants admit that Defendant Sunflower Wind, LLC is, and at all relevant times herein was, a limited liability company formed in Kansas, but deny the remaining allegations contained therein.

5. Answering Paragraph 5 of Plaintiff's Complaint, Defendants admit the allegations contained therein.

6. Answering Paragraph 6 of Plaintiff's Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

7. Answering Paragraph 7 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

8. Answering Paragraph 8 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

9. Answering Paragraph 9 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

PARSONS BEHLE & LATIMER

## BACKGROUND FACTS

10. Answering Paragraph 10 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

11. Answering Paragraph 11 of Plaintiff's Complaint, Defendants admit the allegations contained therein.

12. Answering Paragraph 12 of Plaintiff's Complaint, Defendants admit that in June 2011, Nevada Controls had a telephonic meeting with Dan Rasure to discuss the potential purchase and installation of ten wind turbines for the Austin project and rated power specifications, but deny the remaining allegations contained therein.

13. Answering Paragraph 13 of Plaintiff's Complaint, Defendants admit that WPP signed a "Mutual Non-Disclosure Agreement and Confidentiality Agreement" to protect WPP's intellectual property and access to Nevada Controls' customers. The "Mutual Non-Disclosure Agreement and Confidentiality Agreement" speaks for itself. Defendants deny the remaining allegations of paragraph 13.

14. Answering Paragraph 14 of Plaintiff's complaint, Defendants admit that Dan Rasure traveled to Carson City, Nevada to meet with Nevada Controls, and that during that meeting they discussed the Austin Project, certification of WPP's "WPP-100" hydraulic wind turbine, and submission of the certification paperwork, but deny the remaining allegations contained therein.

15. Answering Paragraph 15 of Plaintiff's Complaint, Defendants admit that the Wind Turbine Purchase Agreement was executed on the 11th and 17th of October 2011. Defendants deny the remaining allegations of paragraph 15.

16. Answering Paragraph 16 of Plaintiff's Complaint, Defendants admit the allegations contained therein.

17. Answering Paragraph 17 of Plaintiff's Complaint, Defendants admit the allegations contained therein.

18. Answering Paragraph 18 of Plaintiff's Complaint, Defendants admit that WPP did not install the foundations, but deny the remaining allegations contained therein.

19. Answering Paragraph 19 of Plaintiff's complaint, Defendants admit that Nevada Controls made a partial payment of $84,000 to WPP for the purchase and installation of seven helical screw foundations, but Defendants are without sufficient information to form a belief as to the truth of the remaining allegations in paragraph 19, and therefore deny the same.

20. Answering Paragraph 20 of Plaintiff's complaint, Defendants admit that in November of 2011, Mr. Rasure and Nevada Controls discussed the need for additional funds to purchase blades for the wind turbines and to coat the blades and that Addendum 1 to Wind Turbine Purchase Agreement ("Addendum") was signed on December 7, 2011. The Addendum speaks for itself. Defendants deny the remaining allegations of paragraph 20.

21. Answering Paragraph 21 of Plaintiff's Complaint, Defendants admit the allegations contained therein.

22. Answering Paragraph 22 of Plaintiff's Complaint, Defendants admit that Mr. Rasure told Nevada Controls via email that he was picking up the blades in Birds Landing, California on December 13, 2011. Defendants further admit that as of the date of the Complaint, no blades have ever been delivered to Nevada Controls. Defendants deny the remaining allegations contained therein.

23. Answering Paragraph 23 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

24. Answering Paragraph 24 of Plaintiff's Complaint, Defendants admit the allegations contained therein.

25. Answering Paragraph 25 of Plaintiff's Complaint, Defendants admit that they have not paid Nevada Controls the sums described in paragraph 25. The Addendum speaks for itself. Defendants deny the remaining allegations of paragraph 25.

26. Answering Paragraph 26 of Plaintiff's Complaint, Defendants admit that "no certification paperwork has been submitted." The Addendum speaks for itself. Defendants deny the remaining allegations of paragraph 26.

## FIRST CAUSE OF ACTION

### (Breach of Contract – Damages)

### (Against WPP)

27. Answering Paragraph 27 of Plaintiff's Complaint, Defendants repeat and reallege their answers set forth above to Paragraph 1 through 26 as though fully set forth herein.

28. Answering Paragraph 28 of Plaintiff's Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

29. Answering Paragraph 29 of Plaintiff's Complaint, Defendants admit the allegations contained therein.

30. Answering Paragraph 30 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

31. Answering Paragraph 31 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

32. Answering Paragraph 32 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

33. Answering Paragraph 33 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

34. Answering Paragraph 34 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

## SECOND CAUSE OF ACTION

### (Breach of the Implied Covenant of Good Faith and Fair Dealing)

### (Against WPP)

35. Answering Paragraph 35 of Plaintiff's Complaint, repeat and reallege their answers set forth above to Paragraph 1 through 34 as though fully set forth herein.

36. Answering Paragraph 36 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

37. Answering Paragraph 37 of Plaintiff's Complaint, Defendants deny the allegations

contained therein.

38. Answering Paragraph 38 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

39. Answering Paragraph 39 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

## THIRD CAUSE OF ACTION

(Declaratory Relief – Alter Ego)

(Defendant Dan Rasure)

40. Answering Paragraph 40 of Plaintiff's Complaint, repeat and reallege their answers set forth above to Paragraph 1 through 39 as though fully set forth herein.

41. Answering Paragraph 41 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

42. Answering Paragraph 42 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

43. Answering Paragraph 43 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

44. Answering Paragraph 44 of Plaintiff's Complaint, Defendants admit that Dan Rasure has total control over WPP and is the sole member of the LLC, but deny the remaining allegations contained therein.

45. Answering Paragraph 45 of Plaintiff's Complaint, Defendants admit that Mr. Rasure represented that he would bring a crew with him from Kansas to assist him in installing the helical foundations, but deny the remaining allegations contained therein.

46. Answering Paragraph 46 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

47. Answering Paragraph 47 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

48. Answering Paragraph 48 of Plaintiff's Complaint, Defendants deny the allegations

contained therein.

## FOURTH CAUSE OF ACTION

(Declaratory Relief – Alter Ego)

(Defendant Sunflower Wind, LLC)

49. Answering Paragraph 49 of Plaintiff's Complaint, repeat and reallege their answers set forth above to Paragraph 1 through 48 as though fully set forth herein.

50. Answering Paragraph 50 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

51. Answering Paragraph 51 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

52. Answering Paragraph 52 of Plaintiff's Complaint, the written material referenced in paragraph 52, which has not been sufficiently identified at this time, speaks for itself. Except as admitted, Defendants deny the allegations of paragraph 52.

53. Answering Paragraph 53 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

54. Answering Paragraph 54 of Plaintiff's Complaint, Defendants admit the allegation contained therein.

55. Answering Paragraph 55 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

56. Answering Paragraph 56 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

57. Answering Paragraph 57 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

## FIFTH CAUSE OF ACTION

(Unjust Enrichment)

(All Defendants)

58. Answering Paragraph 58 of Plaintiff's Complaint, Defendants repeat and reallege their answers set forth above to Paragraphs 1 through 57 as though fully set forth herein.

59. Answering Paragraph 59 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

60. Answering Paragraph 60 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

61. Answering Paragraph 61 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

### SIXTH CAUSE OF ACTION

(Fraud)

(All Defendants)

62. Answering Paragraph 62 of Plaintiff's Complaint, Defendants repeat and reallege their answers set forth above to Paragraphs 1 through 61 as though fully set forth herein.

63. Answering Paragraph 63 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

64. Answering Paragraph 64 of Plaintiff's Complaint, Defendants are unable to identify the document described therein and therefore deny the allegations contained therein.

65. Answering Paragraph 65 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

66. Answering Paragraph 66 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

67. Answering Paragraph 67 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

68. Answering Paragraph 68 of Plaintiff's Complaint, Defendants admit that data regarding the WPP-100's was forwarded to Mr. Jesse, but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein..

69. Answering Paragraph 69 of Plaintiff's Complaint, Defendants admit that an e-mail was sent from Mr. Jesse on December 13, 2011, and that Mr. Rasure never responded to the e-mail. The e-mail speaks for itself. Defendants deny the remaining allegations of paragraph 69.

70. Answering Paragraph 70 of Plaintiff's Complaint, Defendants deny the allegations

contained therein.

71. Answering Paragraph 71 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

72. Answering Paragraph 72 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Plaintiff has failed to state claims upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery against Defendants because it failed to satisfy a condition, or conditions, precedent to one or more of the agreements at issue.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's alleged damages, if any there be any, were proximately caused by or contributed to by the negligent, reckless and/or unlawful conduct of the Plaintiff and/or third parties over which Defendants have no control.

### FOURTH AFFIRMATIVE DEFENSE

The damages, if any, incurred by Plaintiffs are not attributable to any act or omission on the part of the Defendants.

### FIFTH AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff has failed and/or neglected to mitigate its alleged damages, if any.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff has failed to join one or more indispensable parties.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by laches, waiver and estoppel.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of express or implied release or waiver.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are either barred or subject to offset due to the doctrine of equitable recoupment, and/or unjust enrichment.

### TENTH AFFIRMATIVE DEFENSE

The agreements at issue are indefinite because essential elements were omitted.

### ELEVENTH AFFIRMATIVE DEFENSE

The Defendant's breach, or anticipatory breach, of the agreement constitutes a repudiation of the agreement.

### TWELFTH AFFIRMATIVE DEFENSE

The Plaintiff has failed to plead the essential elements of a claim for fraud with the requisite level of particularity.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are either barred or subject to offset due to a unilateral material mistake of fact on the part of the Plaintiff.

### FOURTEENTH AFFIRMATIVE DEFENSE

This Defendant reserves the right to amend its Answer or allege additional affirmative defenses and claims as additional facts become known.

WHEREFORE, Defendants pray as follows:

1. That Plaintiff takes nothing by way of its Complaint;

2. For reasonable attorney's fees and costs of suit incurred herein, and interest thereon allowed by law; and

3. For such other and further relief as the Court may deem just and proper.

## COUNTERCLAIM

WIND PUMP POWER, LLC ("WPP"), by and through its counsel of record, Parsons Behle & Latimer, hereby counterclaims against Plaintiff/Counterdefendant NEVADA CONTROLS, LLC ("Nevada Controls") as follows:

## GENERAL ALLEGATIONS

1. WPP and Nevada Controls entered into a Mutual Non-Disclosure and Confidentiality Agreement ("the Confidentiality Agreement"), a true and correct copy of which, executed by Nevada Controls on June 23, 2011, is attached hereto as Exhibit 1.

2. The Confidentiality Agreement provided that:

> Confidential Information means any information disclosed to either Party, either directly or indirectly in writing, orally or by inspection of tangible objects, including without limitation: (a) trade secrets, inventions, operating techniques, know-how, design details and specifications; (b) information regarding research, development, new service offerings and products, marketing and selling plans; (c) business plans, financial information, financial forecasts, financial models, budgets, financial statements; (d) licensing and distribution arrangements, prices and costs for materials and equipment, and suppliers and customers; and (e) the existence of any business discussions, negotiations or agreements between the Parties. "Confidential Information" disclosed orally by one Party to the other Party shall be reduced to writing and conspicuously identified as "Confidential" and sent to the other Party within thirty (30) days of the date of disclosure.

3. The design details for the construction of "mono_towers" for use with WPP's 10-100kw Unit Wind Turbines, and the name of the supplier that produced and planned to sell 10 of the mono_towers to WPP constituted confidential information under the Confidentiality Agreement.

4. The Confidentiality Agreement provides that it may be terminated by written notice of the parties, which has not occurred, or 2 years after the date thereof, a period of time which has not yet expired. Thus, the Confidentiality Agreement has not yet been terminated.

5. The Confidentiality Agreement expressly provides that "[a]ll obligations under this Agreement, including but not limited to the obligation to keep confidential the Confidential Information, shall survive the termination of this Agreement for a period of twenty (20) years. All obligations created by this Agreement shall survive change or termination of the Parties' business relationship." Accordingly, Nevada Controls is presently bound by all obligations created by the Confidentiality Agreement.

6. The Confidentiality Agreement also provides that "This agreement shall be governed by and construed in strict accordance with the substantive law of the state of Minnesota without reference to conflict of law rules thereof."

7. On or about January of 2012, Nevada Controls purchased mono_towers for use with WPP's 10-100kw Unit Wind Turbines from a supplier of WPP, by using written information and specifications provided by WPP after the Confidentiality Agreement was executed by the parties.

## FIRST COUNTERCLAIM

### (Breach of Contract)

8. WPP re-alleges and incorporate by reference paragraphs 1 through 7 of the Counterclaim above.

9. Section 2 of the Confidentiality Agreement defines written information regarding confidential specifications and the identities of suppliers as "confidential information."

10. Despite the express terms of the Confidentiality Agreement and the continuing obligations imposed therein, Nevada Controls breached the agreement by using confidential written information to purchase and install mono_towers from a supplier of WPP at the site described as the "Austin Project" in paragraph 12 of the Complaint.

11. As a direct and proximate result of Nevada Control's breach of the Confidentiality Agreement, WPP has suffered damages in excess of $75,000.00.

12. WPP has been required to consult with and retain legal counsel to prosecute this Counterclaim and has incurred fees and costs to protect its rights. WPP is entitled to recover attorney's fees and costs against Nevada Controls as allowed by the Confidentiality Agreement and by law, as well as interest on all damages and costs.

## SECOND COUNTERCLAIM

### (Unjust Enrichment)

13. WPP re-alleges and incorporate by reference paragraphs 1 through 12 of the Counterclaim above.

14. Nevada Controls has reaped benefits in the form of obtaining confidential information from WPP that it used to purchase and install, at a significant discount, mono_towers from a supplier of WPP at the site described as the "Austin Project" in paragraph 12 of the Complaint. In obtaining these benefits and the significant discounts associated therewith, Nevada Controls has injured WPP by causing it substantial monetary losses, all of which were foreseeable and the intended consequences of these actions.

15. Based on these facts, in equity and good conscience, it would be unconscionable and otherwise unjust for Nevada Controls to enrich itself at the expense of WPP.

16. As a direct and proximate result of Nevada Control's actions, WPP has suffered damages in excess of $75,000.00.

17. WPP has been required to consult with and retain legal counsel to prosecute this Counterclaim and has incurred fees and costs to protect its rights. WPP is entitled to recover attorney's fees and costs against Nevada Controls as allowed by law, as well as interest on all damages and costs.

///
///
///
///
///
///

**WHEREFORE**, WPP requests that the Court enter judgment in its favor with:

1) A judicial determination that Nevada Controls breached the Confidentiality Agreement;

2) A judgment in favor of WPP in an amount in excess of $75,000;

3) An award of WPP's costs and attorneys' fees; and

4) Awarding WPP such additional equitable and other relief as shall be found to be appropriate under the circumstances.

DATED this 23rd day of March, 2012.

PARSONS BEHLE & LATIMER

By: _____
Michael R. Kealy, Bar No. 971
Robert W. DeLong, Bar No. 10022

Attorneys for Defendants/Counterclaimant