LEIGH GODDARD, NV Bar #6315
JESSICA WOELFEL, NV Bar #11885
McDonald Carano Wilson LLP
100 West Liberty Street, 10th Floor
P.O. Box 2670
Reno, NV 89505-2670
Telephone: (775) 788-2000
Facsimile: (775) 788-2020
Email: lgoddard@mcdonaldcarano.com
and jwoelfel@mcdonaldcarano.com

*Attorneys for Plaintiff / Counter-Defendant
Nevada Controls, LLC*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| NEVADA CONTROLS, LLC, a Nevada Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>WIND PUMP POWER, LLC, a Kansas Limited Liability Company, SUNFLOWER WIND, LLC, a Kansas Limited Liability Company; DAN RASURE, an individual,<br><br>Defendants.<br>_____/<br>AND RELATED CLAIMS<br>_____/ | Case No.: 3:12-cv-00068-HDM-VPC<br><br>**REPLY TO COUNTERCLAIM**<br><br>**(Jury Trial Demanded)** |

Counter-Defendant Nevada Controls, LLC ("Nevada Controls"), hereby responds to the allegations of the Counterclaim of Wind Pump Power, LLC ("WPP") as follows:

1. In responding to the allegations contained in paragraph 1 of the Counterclaim, Nevada Controls admits that Nevada Controls and WPP executed a document entitled Mutual Non-Disclosure and Confidentiality Agreement. It further admits that Nevada Control's representative executed the document on June 23, 2011. The remaining allegations of paragraph 1 are denied.

2.   In responding to the allegations contained in paragraph 2 of the Counterclaim, Nevada Controls admits that paragraph 2 contains a quotation from a portion of Section 2 of the Confidentiality Agreement.  However, the Confidentiality Agreement also provides:

> Confidential Information shall not, however, include any information which the receiving Party can establish (i) was publicly known and made generally available in the public domain prior to the time of disclosure to the receiving Party; (ii) becomes publicly known and made generally available after disclosure to the receiving Party, through no fault, action or inaction of the Party; or (iii) is in the possession of the Party, without confidentiality restrictions, at the time of disclosure by the other Party as shown by the Party's files and records immediately prior to the time of disclosure; (iv) is independently developed by the receiving Party, if receiving Party can provide reasonable written proof of independent development.

The remaining allegations of paragraph 2 are denied.

3.   The allegations of paragraph 3 are denied.

4.   In responding to the allegations of paragraph 4 of the Counterclaim, Nevada Controls admits that there has been no written notice of termination of the Confidentiality Agreement. The remaining allegations of paragraph 4 are denied.

5.   In responding to the allegations of paragraph 5 of the Counterclaim, Nevada Controls admits that paragraph 5 contains an accurate quotation of paragraph 8 of the Confidentiality Agreement.  The remaining allegations of paragraph 5 are denied.

6.   In responding to the allegations of paragraph 6 of the Counterclaim, Nevada Controls admits that paragraph 6 contains an accurate quotation of paragraph 10 of the Confidentiality Agreement.

7.   In responding to the allegations of paragraph 7 of the Counterclaim, Nevada Controls admits that it purchased monopole towers for purposes of installing wind turbines on the Austin project.  The remaining allegations of paragraph 7 are denied.

///

8.   In responding to the allegations of paragraph 8 of the Counterclaim, Nevada Controls realleges the allegations contained in the preceding paragraphs as if set forth verbatim herein.

9.   In responding to the allegations contained in paragraph 9 of the Counterclaim, Nevada Controls admits that the Confidentiality Agreement refers to written materials, and the word "suppliers" is contained in Section 2 of that Agreement. The remaining allegations of paragraph 9 are denied.

10.   The allegations of paragraph 10 are denied.

11.   The allegations of paragraph 11 are denied.

12.   The allegations of paragraph 12 are denied.

13.   In responding to the allegations of paragraph 13, Nevada Controls realleges the allegations contained in the preceding paragraphs as if set forth verbatim herein.

14.   The allegations of paragraph 14 are denied.

15.   The allegations of paragraph 15 are denied.

16.   The allegations of paragraph 16 are denied.

17.   The allegations of paragraph 17 are denied.

### AFFIRMATIVE DEFENSES

1.   The Counterclaims are barred by the doctrines of estoppel, waiver, laches, and unclean hands.

2.   WPP has not incurred any damages for which Nevada Controls may be lawfully held responsible.

3.   WPP has failed to mitigate its damages, if any were sustained.

4.   The contract claim is barred by the failure of consideration and lack of mutuality.

5.   The unjust enrichment claim is barred because the parties entered into a written agreement.

6.   The Counterclaim fails to state a claim for which relief may be granted.

1  7. The Counterclaims are not well grounded in fact and are not warranted by existing law or a good faith argument for the extension, modification or reversal of existing law and are interposed for an improper purpose.

Dated: March 29, 2012.

McDonald Carano Wilson LLP

_____
LEIGH GODDARD
JESSICA WOELFEL

Attorneys for Plaintiff / Counter-Defendant
Nevada Controls, LLC

## CERTIFICATE OF SERVICE

I hereby certify, under penalty of perjury, that I am an employee of McDonald Carano Wilson ᴸᴸᴾ and that pursuant to LR 5-3 I caused to be electronically filed on this date a true and correct copy of the foregoing document with the Clerk of the Court using the CM/ECF system; and by depositing a copy of the same in the U.S. Mail, first class postage fully prepaid, addressed to:

Michael R. Kealy
Robert W. DeLong
Parsons Behle & Latimer
50 W. Liberty Street, Suite 750
Reno, Nevada  89501

DATED:  March 29, 2012.

Pamela Miller

5