LEIGH GODDARD, NSBN 6315
JESSICA WOELFEL, NSBN 11885
MCDONALD CARANO WILSON LLP
100 West Liberty Street, Tenth Floor
Reno, NV 89501
Telephone: (775) 788-2000
Facsimile: (775) 788-2020

Attorneys for Plaintiff,
*Nevada Controls, LLC*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| NEVADA CONTROLS, LLC, a Nevada Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>WIND PUMP POWER, LLC, a Kansas Limited Liability Company, SUNFLOWER WIND, LLC, a Kansas Limited Liability Company; DAN RASURE, an individual,<br><br>Defendants.<br>_____/ | Case No.: 3:12-cv-00068-HDM-VPC<br><br>**PLAINTIFF NEVADA CONTROLS' MOTION TO COMPEL** |

Plaintiff, Nevada Controls, LLC ("Nevada Controls"), moves, pursuant to the Federal Rules of Civil Procedure 26 and 37 and Local Rule 26-7, for an Order compelling Defendants Wind Pump Power, LLC, Sunflower Wind, LLC, and Dan Rasure to provide responses to the discovery requests served by Nevada Controls. In addition, Nevada Controls seeks an award of costs and reasonable attorneys' fees associated for the preparation of this motion.

The Motion is based upon the following memorandum of points and authorities, the exhibits attached hereto, and such other information as the Court may wish to consider.

///

///

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The Defendants have failed to respond to discovery requests propounded by Nevada Controls. Although counsel for Nevada Controls has attempted to reach Defendants to meet and confer on this topic, the responses have not been provided. Accordingly, Nevada Controls respectfully requests that the Court order Defendants to produce all documents and information responsive to the requests for production and interrogatories. In addition, Nevada Controls request an award of its costs and reasonable attorneys' fees associated with this Motion.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This case involves a dispute arising out of Defendants' breach of certain contracts related to the supply and installation of wind turbines. Nevada Controls paid Defendants more than $300,000 for the delivery and installation of turbines. Defendants failed to perform and have refused to return the funds advanced by Nevada Controls.

On June 1, 2012, Nevada Controls served written discovery requests upon Defendants. (Interrogatories to Wind Pump Power, LLC (First Set), Ex. 1; Request for Production of Documents to Wind Pump Power, LLC (First Set), Ex. 2; Interrogatories to Sunflower Wind, LLC (First Set), Ex. 3; Request for Production of Documents to Sunflower Wind, LLC (First Set), Ex. 4; Interrogatories to Dan Rasure (First Set), Ex. 5; Request for Production of Documents to Dan Rasure (First Set), Ex. 6). Defendants' responses to the requests were due on July 5, 2012.

Defendants have failed to provide their responses to the discovery requests. (Declaration of Leigh Goddard, Ex. 7). On July 3, 2012, Dan Rasure contacted Nevada Controls' counsel and requested an extension of time to respond to the discovery requests. (Ex. 8). The extension was not granted, and yet the responses still have not been provided. (See id.).

///

On August 23, 2012, the undersigned contacted Defendants via e-mail requesting that the discovery responses be provided immediately. (Ex. 9). Receiving no response, on August 30, 2012, the undersigned again wrote to Defendants, and their out-of-state counsel, Jerry Wieslander[1], to inquire about the long overdue discovery responses. (Ex. 10). Finally, on September 17, 2012, the undersigned again sent a correspondence to Defendants regarding the overdue discovery responses and requesting a telephone call. (Ex. 11). There has been no response to any of the attempts to contact Defendants, and Defendants have failed to serve their discovery responses.

### III.   DISCUSSION

Rule 37 of the Federal Rules of Civil Procedure "permits a discovering party to move for an order to compel a complete response to properly submitted interrogatories or requests for production." Shuffle Master, Inc. v. Progressive Games, Inc., 170 F.R.D. 166, 170 (D. Nev. 1996). Here, Nevada Controls has been forced to bring this motion due to Defendants' refusal to respond to Nevada Controls' interrogatories and document requests. Interrogatories and requests for production of documents were served upon each of the Defendants on June 1, 2012. Defendants have failed to serve their responses to the discovery requests, and have provided no substantial justification for their complete failure to comply with the discovery rules. Indeed, repeated inquiries by Nevada Controls' counsel regarding the outstanding discovery requests have been ignored.

---

[1] During a hearing on Nevada Controls' Motion to Strike on August 23, 2012, Defendant Rasure informed Judge Howard McKibben that he had retained out-of-state counsel, Jerry Wieslander, to represent him and the other Defendants. As a result of that representation, on August 29, 2012, the undersigned spoke to Mr. Wieslander. During that conversation, they discussed the fact that the discovery responses were overdue. Mr. Wieslander suggested that an e-mail be sent to Defendant Rasure, with a copy to Mr. Wieslander, to once again request the discovery responses and to address the case agenda. (Ex. 7).

3

If the motion is granted, or if the requested discovery is provided after the motion is filed, the moving party is entitled to the reasonable expenses incurred in making the motion, including attorney's fees. Fed. R. Civ. P. 37(4). Sanctions under Rule 37(d) are available when the party fails to answer or object to property-served interrogatories, or fails to serve a written response to a properly served request to inspect documents or things. Jayne H. Lee, Inc. v. Flagstaff Indus. Corp., 173 F.R.D. 651, 653 (D.Md.1997). A court order is not a prerequisite to sanctions under Rule 37(d). Guidry v. Continental Oil Co., 640 F.2d 523, 533 (5th Cir.1981), cert. denied, 454 U.S. 818. The Court must award expenses to the prevailing party unless it finds that the failure was "substantially justified" or that other circumstances exist that would make the award "unjust." Telluride Management Solutions, Inc. v. Telluride Investment Group, 55 F.3d 463 (9th Cir.1995), abrogated on other grounds by Cunningham v. Hamilton County, Ohio, 527 U.S. 198 (1999).

Here, there has been no excuse provided by Defendants for their complete failure to respond to the discovery requests. Indeed, inquiries have been completely ignored. Nevada Controls should be compensated for its reasonable expenses incurred in pursuing this motion to compel. Freeman v. San Diego Ass'n of Realtors, 322 F.3d 1133, 1156-57 (9th Cir. 2003). It has already incurred approximately $2,815.00 in attorney's fees in attempting to resolve the discovery dispute and preparing the motion. Because Nevada Controls does not know whether Defendants will oppose this motion, it is difficult to estimate the amount of fees and costs incurred in prosecuting this motion. However, a reasonable estimate is that Nevada Controls will incur approximately $1,500.00 in additional attorney's fees and costs should it be required to review the an opposition brief and prepare a reply.

## IV.   CERTIFICATION

Pursuant to LR 26-7(b), the undersigned counsel hereby certifies that she has made a good faith effort to confer with Defendants and their out-of-state counsel to

///

4

resolve this dispute without court intervention, but such attempts have been unsuccessful. (See Ex. 7).

## V.  CONCLUSION

Defendants have failed to respond to proper requests for production of documents or interrogatories. Accordingly, Nevada Controls respectfully requests that this Court compel Defendants to immediately respond to the outstanding discovery requests, including production of the requested documents. In addition, Nevada Controls respectfully requests an award costs and reasonable attorneys' fees associated with the preparation of this motion, to which Plaintiff is entitled pursuant to Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure. A calculation of the costs and reasonable fees will be provided with the Reply brief.

Dated: September 25, 2012.

McDonald Carano Wilson LLP

_____
LEIGH GODDARD
JESSICA WOELFEL

Attorneys for Plaintiff / Counter-Defendant
Nevada Controls, LLC

**CERTIFICATE OF SERVICE**

I hereby certify, under penalty of perjury, that I am an employee of McDonald Carano Wilson LLP and that pursuant to LR 5-3 I caused to be electronically filed on this date a true and correct copy of the foregoing document with the Clerk of the Court using the CM/ECF system; and by depositing a copy of the same in the U.S. Mail, first class postage fully prepaid, addressed to:

Dan Rasure
Wind Pump Power, LLC
Sunflower Wind, LLC
6488 Road 16
Goodland, Kansas 67735

A courtesy copy of the foregoing has been emailed to:

Jerry Weislander
jerrywislander@gmail.com

DATED: September 25, 2012.

Pamela Miller