# EXHIBIT 1

# EXHIBIT 1

LEIGH GODDARD, NV Bar #6315
JESSICA WOELFEL, NV Bar #11885
McDonald Carano Wilson LLP
100 West Liberty Street, 10th Floor
P.O. Box 2670
Reno, NV 89505-2670
Telephone: (775) 788-2000
Facsimile: (775) 788-2020
Email: lgoddard@mcdonaldcarano.com
and jwoelfel@mcdonaldcarano.com

*Attorneys for Plaintiff / Counter-Defendant
Nevada Controls, LLC*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| NEVADA CONTROLS, LLC, a Nevada Limited Liability Company,<br><br>Plaintiff,<br>v.<br>WIND PUMP POWER, LLC, a Kansas Limited Liability Company, SUNFLOWER WIND, LLC, a Kansas Limited Liability Company; DAN RASURE, an individual,<br><br>Defendants.<br>_____/ | Case No.: 3:12-cv-00068-HDM-VPC<br><br>**INTERROGATORIES TO WIND PUMP POWER, LLC**<br>(First Set) |

Pursuant to Federal Rule of Civil Procedure 33, Plaintiff Nevada Controls, LLC requests that Defendant Wind Pump Power, LLC respond to the following interrogatories within the time provided by the Federal Rules of Civil Procedure.

**DEFINITIONS**

The following definitions and rules of construction apply to these discovery requests:

1.  <u>Communication</u>.  The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

2.  <u>Document</u>.  The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil

1  Procedure 34(a). A draft or non-identical copy is a separate document within the
2  meaning of this term.

3      3.    <u>Identify (With Respect to Persons)</u>. When referring to a person, "to
4  identify" means to give, to the extent known, the person's full name, present or last
5  known address, and when referring to a natural person, additionally, the present or
6  last known place of employment. Once a person has been identified in accordance
7  with this paragraph, only the name of that person need be listed in response to
8  subsequent discovery requesting the identification of that person.

9      4.    <u>Identify (With Respect to Documents)</u>. When referring to documents, "to
10 identify" means to give, to the extent known, (i) the type of document; (ii) general
11 subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and
12 recipient(s).

13     5.    <u>Parties</u>. The terms "plaintiff" and "defendant" as well as a party's full or
14 abbreviated name or a pronoun referring to a party mean the party and, where
15 applicable, its officers, directors, employees, partners, corporate agent, subsidiaries
16 or affiliates. This definition is not intended to impose a discovery obligation on any
17 person who is not a party to the litigation.

18     6.    <u>Person</u>. The term "person" is defined as any natural person or
19 business, legal or governmental entity or association.

20     7.    <u>Concerning</u>. The term "concerning" means relating to, referring to,
21 describing, evidencing or constituting.

22     8.    <u>All/Each</u>. The term "all" and "each" shall be construed as all and each.

23     9.    <u>And/Or</u>. The connectives "and" and "or" shall be construed either
24 disjunctively or conjunctively as necessary to bring within the scope of the discovery
25 request all responses that might otherwise be construed to be outside of its scope.

26     10.    <u>Number</u>. The use of the singular form of any word includes the plural
27 and vice versa.

28 ///

11. <u>You and Your</u>. The terms "you" and "your" shall mean Wind Pump Power, LLC.

### INSTRUCTIONS

To the extent precise and complete information cannot be furnished, supply such information as is available to you. If first-hand knowledge is not available, you should answer to the best of your information and belief, and any such answer should be so described. Every interrogatory is intended to include knowledge or information you have or that is available to you from your employees, agents, representatives, experts, person consulted concerning any factual matters or matters of opinion relating to any of the facts or issues involved in this action, and, unless privileged, your attorneys.

If a responding party fails to admit to the authenticity of any document or the truth of any matter as requested under Rule 33, and if the party propounding the Interrogatory proves the genuineness of the document or the truth of the matter, the party requesting such information may apply to the Court for an order requiring the other party to pay the reasonable expenses incurred in making that proof, including reasonable attorney's fees. See FRCP 37(c).

This discovery request is continuing in nature, and Plaintiff hereby demands that any responsive information coming into the possession of the Defendant subsequent to his original answers to this discovery request be promptly furnished to Plaintiff pursuant to FRCP 26(e).

### INTERROGATORIES

<u>INTERROGATORY NO. 1</u>:

Describe with particularity all facts supporting your Second Affirmative Defense, which alleges that Plaintiff "failed to satisfy a condition, or conditions, precedent to one or more of the agreements at issue."

///
///

**INTERROGATORY NO. 2**:

Describe with particularity all facts supporting your Seventh Affirmative Defense, which alleges that if Plaintiff's claims are "barred by laches, waiver and estoppel."

**INTERROGATORY NO. 3**:

Describe with particularity all facts supporting Your Eighth Affirmative Defense, which alleges that Plaintiff's claims are "barred, in whole or in part, by the doctrines of express or implied release or waiver."

**INTERROGATORY NO. 4**:

Describe with particularity all facts supporting Your Ninth Affirmative Defense, which alleges that Plaintiff's claims are "either barred or subject to offset due to the doctrine of equitable recoupment, and/or enrichment."

**INTERROGATORY NO. 5**:

Describe with particularity all facts supporting Your Eleventh Affirmative Defense, which alleges that "Defendant's breach, or anticipatory breach, of the agreement constitutes a repudiation of the agreement."

**INTERROGATORY NO. 6**:

Describe with particularity all facts supporting Your Thirteenth Affirmative Defense, which alleges that Plaintiff's claims are "barred or subject to offset due to a unilateral material mistake of fact on the part of the Plaintiff."

**INTERROGATORY NO. 7**:

Identify with particularity, each instance in which a Wind Pump Power, WPP 100, 100 kW turbine(s) has reached rated power or rated output at 28 mph, and for each such instance, provide:

    a)     The date(s) upon which rated power was achieved;

    b)     Identify what documents exist that depict the rating and identify whether you have possession of such documents;

      c)     Identify any project (by name and location) upon which the WPP 100 wind turbines reached rated power at 28 mph;

**INTERROGATORY NO. 8**:

If you made application to the California Energy Commission (CEC), New York State Energy Research and Development Authority, Oregon Energy Trust or the American Wind Energy Association for certification of the WPP 100 wind turbines such that the turbines could be recognized and accepted by NV Energy d/b/a Sierra Pacific Power Company, identify:

      a)     The date application was made;

      b)     Whether certification was received and the date such certification was received; and

      c)     Identify who has possession of the certification documents.

**INTERROGATORY NO. 9**:

Identify all equipment, parts, supplies, services, and materials, including wind turbine blades, helical piers, or foundations, purchased or leased by you to be installed or utilized in any way at the project identified in the Complaint as the Austin Project.

**INTERROGATORY NO. 10**:

If you contend that Nevada Controls did not perform all of its obligations under the terms of the parties' Agreements, please identify the obligations that you contend were not performed by Nevada Controls.

**INTERROGATORY NO. 11**:

Identify all employees of Wind Pump Power, from January 2010 to present.

**INTERROGATORY NO. 12**:

Describe with particularity how Wind Pump Power was originally capitalized, including the amount contributed, the identity of the individual(s) or entities making the capital contribution(s), and the source of funds.

///

///

**INTERROGATORY NO. 13:**

Identify and describe with particularity all projects at which WPP kW 100 wind turbines have been installed and operational.

**INTERROGATORY NO. 14:**

Of the projects described in Interrogatory No. 13, above, identify upon which projects the WPP 100 kW wind turbines are presently operating.

**INTERROGATORY NO. 15:**

Identify all addresses at which Wind Pump Power has used as its business offices.

**INTERROGATORY NO. 16:**

Identify all internet domain names used or utilized by Wind Pump Power, its employees or agents, for purposes of operating Wind Pump Power's business.

**INTERROGATORY NO. 17:**

Identify, including the name and address, all members and managers of Wind Pump Power from date of its formation to the present.

**INTERROGATORY NO. 18:**

Identify and describe the use by Wind Pump Power of all funds advanced by Nevada Controls for the Austin project identified in the Complaint.

**INTERROGATORY NO. 19:**

Identify and describe all agreements, if any, any and all inter-company loan agreements/guarantees and/or draw schedules between you and Sunflower Wind, LLC.

**INTERROGATORY NO. 20:**

Identify and describe all any and all agreements for the use or shared use of trademarks, trade names and/or service marks between you and Sunflower Wind.

///

///

///

**INTERROGATORY NO. 21**:

Describe with particularity all facts supporting your allegation that the name of a supplier of mono towers constituted "confidential information" under the terms of the Confidentiality Agreement.

**INTERROGATORY NO. 22**:

Identify and describe all damages you have incurred as a result of the acts alleged in the Counterclaim, and for each element of damage, identify the method of calculation, the date upon which you suffered such damage, and who has possession of documents depicting the alleged damages.

**INTERROGATORY NO. 23**:

If you have ever been named as a party to a civil action, identify:

(a) The parties to the case;

(b) The court in which the case was filed;

(c) The disposition of the case; and

(d) The name and address of the attorney, if any, representing you in the case.

Dated: June 1, 2012.

McDonald Carano Wilson LLP

*/s/ Leigh Goddard*
LEIGH GODDARD
JESSICA WOELFEL

Attorneys for Plaintiff / Counter-Defendant
Nevada Controls, LLC

## CERTIFICATE OF SERVICE

I hereby certify, under penalty of perjury, that I am an employee of McDonald Carano Wilson LLP and that on this date I caused to be delivered in the United States mail, enclosed in a sealed envelope, upon which first class postage was fully prepaid and affixed thereto, a true copy of foregoing document addressed to the individual listed below at their last known business address as follows:

Michael R. Kealy
Robert W. DeLong
Parsons Behle & Latimer
50 W. Liberty Street, Suite 750
Reno, Nevada  89501

DATED: June 1, 2012.

_____
Pamela Miller

# EXHIBIT 2

EXHIBIT 2

1  LEIGH GODDARD, NV Bar #6315
   JESSICA WOELFEL, NV Bar #11885
2  McDonald Carano Wilson LLP
   100 West Liberty Street, 10th Floor
3  P.O. Box 2670
   Reno, NV 89505-2670
4  Telephone: (775) 788-2000
   Facsimile: (775) 788-2020
5  Email: lgoddard@mcdonaldcarano.com
   and jwoelfel@mcdonaldcarano.com
6

7  *Attorneys for Plaintiff / Counter-Defendant*
   *Nevada Controls, LLC*
8

9                    UNITED STATES DISTRICT COURT

10                        DISTRICT OF NEVADA

11                              * * *

12  NEVADA CONTROLS, LLC, a Nevada          Case No.: 3:12-cv-00068-HDM-VPC
    Limited Liability Company,
13
              Plaintiff,
14  v.                                      **REQUEST FOR PRODUCTION OF**
    WIND PUMP POWER, LLC, a Kansas          **DOCUMENTS TO**
15  Limited Liability Company, SUNFLOWER    **WIND PUMP POWER, LLC**
    WIND, LLC, a Kansas Limited Liability   **(First Set)**
16  Company; DAN RASURE, an individual,

17            Defendants.
                                        /
18

19       Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Counter-

20  Plaintiff Nevada Controls, LLC requests that Defendant Wind Pump Power, LLC

21  produce for inspection and copying the documents described in these papers.

22  Production shall occur within thirty (30) days of service at the offices of McDonald

23  Carano Wilson LLP, located at 100 West Liberty Street, 10th Floor, Reno, Nevada

24  89501.

25                              **DEFINITIONS**

26       The following definitions and rules of construction apply to these discovery

27  requests:

28  ///

1. <u>Communication</u>. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

2. <u>Document</u>. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. <u>Identify (With Respect to Persons)</u>. When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this paragraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

4. <u>Identify (With Respect to Documents)</u>. When referring to documents, "to identify" means to give, to the extent known, (i) the type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

5. <u>Parties</u>. The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate agent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

6. <u>Person</u>. The term "person" is defined as any natural person or business, legal or governmental entity or association.

7. <u>Concerning</u>. The term "concerning" means relating to, referring to, describing, evidencing or constituting.

8. <u>All/Each</u>. The term "all" and "each" shall be construed as all and each.

///

///

9. <u>And/Or</u>. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

10. <u>Number</u>. The use of the singular form of any word includes the plural and vice versa.

11. <u>You / Your</u>. The terms "you" and "your" means Wind Pump Power, LLC.

## INSTRUCTIONS

If you contend that any document which production is called for by this request is privileged or otherwise beyond the scope of Rule 26 of the Federal Rules of Civil Procedure, please identify that document with the following information:

1. The type of document (e.g., report, letter, notes, notice, contract, etc.);

2. The number of pages it comprises;

3. The name of the person or persons who prepared or authored the document;

4. The name of each person to whom the document was addressed or distributed or shown;

5. The date of the document purporting to reflect the date the document was prepared or transmitted;

6. A general description of the subject matter of the document; and, if applicable;

7. The name of the person who asked that the document be prepared.

If you contend that only a portion of a document which production is called for by this request is privileged or otherwise not subject to production, please produce a copy of the entire document deleting the privileged or objectionable portion. With respect to the deleted portion, to the extent that the produced portion of the document does not do so, you should provide the same information which would be provided if the entire document were withheld as privileged.

///

Finally, this request reaches all documents which are within your possession, custody or control. A document is deemed within your possession, custody or control if you have the legal right to obtain it, whether or not you now have physical possession of it. Thus, you must obtain and produce all documents within the possession or custody of people or entities over whom you have control, such as secretaries, employees, attorneys, experts, accountants, agents or others. If you have knowledge of the existence of documents responsive to this request but contend that they are not within your possession, custody or control, please provide the following information:

1. A description of the documents, including in your description as much detail as possible;

2. The identity of the person or entity, including his, her or its address, believed by you to have possession or custody of the documents or any copies of them at this time; and

3. A description of the efforts, if any, you have made to obtain possession or custody of the documents.

This discovery request is continuing in nature, and Plaintiff hereby demands that any responsive document coming into your possession subsequent to your original response to this discovery request be promptly furnished to Plaintiff pursuant to FRCP (e).

## DOCUMENTS TO BE PRODUCED

**REQUEST NO. 1**: All documents you described or relied upon in preparing the responses to Plaintiffs Interrogatories to Wind Pump Power (First Set).

**REQUEST NO. 2**: Any and all organizational documents of Wind Pump Power, including but not limited to, documents referring to or reflecting the formation of Wind Pump Power as a limited liability company, operating agreements, initial and/or annual lists of officers and directors, initial and/or annual members and/or manager lists, member agreements, membership rolls, partnership agreements, stock certificates, shareholder rolls, shareholder agreements, name changes, name reservations,

amendments, trade mark registration, and any other similar document including all documents filed with the office of the Secretary of State of Kansas.

**REQUEST NO. 3**: Any and all inter-company loan agreements/guarantees and/or draw schedules between Wind Pump Power and Sunflower Wind, LLC and/or Dan Rasure, from the formation of Wind Pump Power to and including the present.

**REQUEST NO. 4**: Any and all agreements for use of trademarks, trade names and/or service marks or documents relating to the general shared use of the same trademarks or trade names or service marks between Wind Pump Power and Sunflower Wind, LLC, from the formation of Wind Pump Power to and including the present.

**REQUEST NO. 5**: Any and all asset sale agreements between Wind Pump Power and Sunflower Wind, LLC, from the formation of Wind Pump Power to and including the present.

**REQUEST NO. 6**: Any and all insurance contracts whether for fire and other hazards, business interruption, workers' compensation, and/or liability protection insuring Wind Pump Power and Sunflower Wind, LLC, from the formation of Wind Pump Power to and including the present.

**REQUEST NO. 7**: Any and all copies of real property or equipment lease agreements, including but not limited to, expense sharing, between Wind Pump Power and Sunflower Wind, LLC.

**REQUEST NO. 8**: Any and all financial statements, audited or otherwise, reflecting assets, liabilities, income and expenses of Wind Pump Power whether reported separately or on a consolidated basis beginning with the time of formation of Wind Pump Power through and including the present.

**REQUEST NO. 9**: Any and all financial records of Wind Pump Power from the time of its formation through and including the present, including computer files and programs, whether using Quick Books or other bookkeeping software, whether maintained separately for Wind Pump Power or on a consolidated basis with the

financial records of other individuals or entities; said records to include, but not be limited to: charts of accounts, capital accounts, general ledgers, trial balances, invoices, purchase orders, checks written, charges made, payroll expenses, tax expenses, payments to related entities, and receipts from related entities.

**REQUEST NO. 10**: Copies of any and all business licenses issued to YOU from 1998 to present in any state, town, city, or county.

**REQUEST NO. 11**: Any and all documents that depict, indicate, reflect or refer to the amount and source of funds used to capitalize Wind Pump Power from its formation to present.

**REQUEST NO. 12**: Any and all documents depicting or reflecting the purchase or lease by Wind Pump Power of any equipment, parts, turbine blades, helical piers, foundations, services, supplies or materials for the Austin Project identified in the Complaint.

**REQUEST NO. 13**: Any and all documents depicting or reflecting any credit or refund provided to Wind Pump Power, resulting from any returned equipment, parts, turbine blades, supplies or materials for the Austin Project identified in the Complaint.

**REQUEST NO. 14**: Any and all documents submitted to the California Energy Commission (CEC), New York State Energy Research and Development Authority, Oregon Energy Trust, the American Wind Energy Association or any other entity for certification of the WPP 100, 100 kW wind turbines.

**REQUEST NO. 15**: Any and all correspondence, memoranda or electronic mail from or to you discussing, depicting, reflecting or referring to the project referred to in the Complaint as the Austin Project.

///
///
///
///
///

**REQUEST NO. 16**: Any and all correspondence, memoranda or electronic mail from or to you discussing, depicting, reflecting or referring to equipment, materials, supplies, blades, parts, services or materials to be installed or in any way utilized at the project referred to in the Complaint as the Austin Project.

Dated: June 1, 2012.

McDonald Carano Wilson LLP

*/s/ Leigh Goddard*

LEIGH GODDARD
JESSICA WOELFEL

Attorneys for Plaintiff / Counter-Defendant
Nevada Controls, LLC

**CERTIFICATE OF SERVICE**

I hereby certify, under penalty of perjury, that I am an employee of McDonald Carano Wilson LLP and that on this date I caused to be delivered in the United States mail, enclosed in a sealed envelope, upon which first class postage was fully prepaid and affixed thereto, a true copy of foregoing document addressed to the individual listed below at their last known business address as follows:

Michael R. Kealy
Robert W. DeLong
Parsons Behle & Latimer
50 W. Liberty Street, Suite 750
Reno, Nevada  89501

DATED: June 1, 2012.

_____
Pamela Miller

8