# EXHIBIT 3

# EXHIBIT 3

1  LEIGH GODDARD, NV Bar #6315
   JESSICA WOELFEL, NV Bar #11885
2  McDonald Carano Wilson LLP
   100 West Liberty Street, 10th Floor
3  P.O. Box 2670
   Reno, NV 89505-2670
4  Telephone:  (775) 788-2000
   Facsimile: (775) 788-2020
5  Email: lgoddard@mcdonaldcarano.com
   and jwoelfel@mcdonaldcarano.com
6

7  *Attorneys for Plaintiff / Counter-Defendant*
   *Nevada Controls, LLC*
8

9                UNITED STATES DISTRICT COURT

10                     DISTRICT OF NEVADA

11                           * * *

12  NEVADA CONTROLS, LLC, a Nevada        Case No.: 3:12-cv-00068-HDM-VPC
    Limited Liability Company,
13                                        **INTERROGATORIES TO**
              Plaintiff,                  **SUNFLOWER WIND, LLC**
14  v.                                        **(First Set)**
    WIND PUMP POWER, LLC, a Kansas
15  Limited Liability Company, SUNFLOWER
    WIND, LLC, a Kansas Limited Liability
16  Company; DAN RASURE, an individual,

17            Defendants.
                                    /
18

19        Pursuant to Federal Rule of Civil Procedure 33, Plaintiff Nevada Controls, LLC

20  requests that Defendant Sunflower Wind, LLC respond to the following interrogatories

21  within the time provided by the Federal Rules of Civil Procedure.

22                          **DEFINITIONS**

23        The following definitions and rules of construction apply to these discovery

24  requests:

25        1.    <u>Communication</u>.  The term "communication" means the transmittal of

26  information (in the form of facts, ideas, inquiries or otherwise).

27        2.    <u>Document</u>.  The term "document" is defined to be synonymous in

28  meaning and equal in scope to the usage of this term in Federal Rule of Civil

McDONALD·CARANO·WILSON℠
100 WEST LIBERTY STREET, 10TH FLOOR • RENO, NEVADA 89501
P.O. BOX 2670 • RENO, NEVADA 89505-2670
PHONE 775-788-2000 • FAX 775-788-2020

1   Procedure 34(a).   A draft or non-identical copy is a separate document within the
2   meaning of this term.

3       3.   Identify (With Respect to Persons).   When referring to a person, "to
4   identify" means to give, to the extent known, the person's full name, present or last
5   known address, and when referring to a natural person, additionally, the present or
6   last known place of employment.   Once a person has been identified in accordance
7   with this paragraph, only the name of that person need be listed in response to
8   subsequent discovery requesting the identification of that person.

9       4.   Identify (With Respect to Documents).   When referring to documents, "to
10  identify" means to give, to the extent known, (i) the type of document; (ii) general
11  subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and
12  recipient(s).

13      5.   Parties.   The terms "plaintiff" and "defendant" as well as a party's full or
14  abbreviated name or a pronoun referring to a party mean the party and, where
15  applicable, its officers, directors, employees, partners, corporate agent, subsidiaries
16  or affiliates.   This definition is not intended to impose a discovery obligation on any
17  person who is not a party to the litigation.

18      6.   Person.   The term "person" is defined as any natural person or
19  business, legal or governmental entity or association.

20      7.   Concerning.   The term "concerning" means relating to, referring to,
21  describing, evidencing or constituting.

22      8.   All/Each.   The term "all" and "each" shall be construed as all and each.

23      9.   And/Or.   The connectives "and" and "or" shall be construed either
24  disjunctively or conjunctively as necessary to bring within the scope of the discovery
25  request all responses that might otherwise be construed to be outside of its scope.

26      10.   Number.   The use of the singular form of any word includes the plural
27  and vice versa.

28  ///

McDONALD·CARANO·WILSON™
100 WEST LIBERTY STREET, 10TH FLOOR • RENO, NEVADA 89501
P.O. BOX 2670 • RENO, NEVADA 89505-2670
PHONE 775-788-2000 • FAX 775-788-2020

11.  <u>You and Your</u>.  The terms "you" and "your" shall mean Sunflower Wind, LLC.

## INSTRUCTIONS

To the extent precise and complete information cannot be furnished, supply such information as is available to you.  If first-hand knowledge is not available, you should answer to the best of your information and belief, and any such answer should be so described.  Every interrogatory is intended to include knowledge or information you have or that is available to you from your employees, agents, representatives, experts, person consulted concerning any factual matters or matters of opinion relating to any of the facts or issues involved in this action, and, unless privileged, your attorneys.

If a responding party fails to admit to the authenticity of any document or the truth of any matter as requested under Rule 33, and if the party propounding the Interrogatory proves the genuineness of the document or the truth of the matter, the party requesting such information may apply to the Court for an order requiring the other party to pay the reasonable expenses incurred in making that proof, including reasonable attorney's fees.  *See* FRCP 37(c).

This discovery request is continuing in nature, and Plaintiff hereby demands that any responsive information coming into the possession of the Defendant subsequent to his original answers to this discovery request be promptly furnished to Plaintiff pursuant to FRCP 26(e).

## INTERROGATORIES

**INTERROGATORY NO. 1**:

Describe with particularity all facts supporting your Second Affirmative Defense, which alleges that Plaintiff "failed to satisfy a condition, or conditions, precedent to one or more of the agreements at issue."

///

///

McDONALD·CARANO·WILSON℠
100 WEST LIBERTY STREET, 10ᵀᴴ FLOOR • RENO, NEVADA 89501
P.O. BOX 2670 • RENO, NEVADA 89505-2670
PHONE 775-788-2000 • FAX 775-788-2020

**INTERROGATORY NO. 2**:

Describe with particularity all facts supporting your Seventh Affirmative Defense, which alleges that if Plaintiff's claims are "barred by laches, waiver and estoppel."

**INTERROGATORY NO. 3**:

Describe with particularity all facts supporting your Eighth Affirmative Defense, which alleges that Plaintiff's claims are "barred, in whole or in part, by the doctrines of express or implied release or waiver."

**INTERROGATORY NO. 4**:

Describe with particularity all facts supporting your Ninth Affirmative Defense, which alleges that Plaintiff's claims are "either barred or subject to offset due to the doctrine of equitable recoupment, and/or enrichment."

**INTERROGATORY NO. 5**:

Describe with particularity all facts supporting your Eleventh Affirmative Defense, which alleges that "Defendant's breach, or anticipatory breach, of the agreement constitutes a repudiation of the agreement."

**INTERROGATORY NO. 6**:

Describe with particularity all facts supporting your Thirteenth Affirmative Defense, which alleges that Plaintiff's claims are "barred or subject to offset due to a unilateral material mistake of fact on the part of the Plaintiff."

**INTERROGATORY NO. 7**:

Identify with particularity, each instance in which a Wind Pump Power, WPP 100, 100 kW turbine(s) has reached rated power or rated output at 28 mph, and for each such instance, provide:

    a)     The date(s) upon which rated power was achieved;

    b)     Identify what documents exist that depict the rating and identify whether you have possession of such documents;

///

McDONALD·CARANO·WILSON℠
100 WEST LIBERTY STREET, 10TH FLOOR • RENO, NEVADA 89501
P.O. BOX 2670 • RENO, NEVADA 89505-2670
PHONE 775-788-2000 • FAX 775-788-2020

c)      Identify any project (by name and location) upon which the WPP 100 wind turbines reached rated power at 28 mph;

**INTERROGATORY NO. 8**:

If you made application to the California Energy Commission (CEC), New York State Energy Research and Development Authority, Oregon Energy Trust or the American Wind Energy Association for certification of the WPP 100 wind turbines such that the turbines could be recognized and accepted by NV Energy d/b/a Sierra Pacific Power Company, identify:

a)      The date application was made;

b)      Whether certification was received and the date such certification was received; and

c)      Identify who has possession of the certification documents.

**INTERROGATORY NO. 9**:

Identify all equipment, parts, supplies, services, and materials, including wind turbine blades, helical piers, or foundations, purchased or leased by you to be installed or utilized, in any way, at the project identified in the Complaint as the Austin Project.

**INTERROGATORY NO. 10**:

If you contend that Nevada Controls did not perform all of its obligations under the terms of the parties' Agreements, please identify the obligations that you contend were not performed by Nevada Controls.

**INTERROGATORY NO. 11**:

Identify all employees of Sunflower Wind, from January 2010 to present.

**INTERROGATORY NO. 12**:

Describe with particularity how Sunflower Wind was originally capitalized, including the amount contributed, the identity of the individual(s) or entities making the capital contribution(s), and the source of funds.

///

///

**INTERROGATORY NO. 13**:

Identify and describe with particularity all projects at which WPP 100, 100 kW wind turbines have been installed and operational.

**INTERROGATORY NO. 14**:

Of the projects described in Interrogatory No. 13, above, identify upon which projects the WPP 100, 100 kW wind turbines are presently operating.

**INTERROGATORY NO. 15**:

Identify all addresses that Sunflower Wind has used as its business offices, from formation to the present.

**INTERROGATORY NO. 16**:

Identify all internet domain names used or utilized by Sunflower Wind, its employees or agents, for purposes of operating Sunflower Wind's business.

**INTERROGATORY NO. 17**:

Identify, including the name and address, all members and managers of Sunflower Wind from date of its formation to the present.

**INTERROGATORY NO. 18**:

Identify and describe the use by Sunflower Wind of all funds advanced by Nevada Controls for the Austin project identified in the Complaint.

**INTERROGATORY NO. 19**:

Identify and describe all agreements, if any, any and all inter-company loan agreements/guarantees and/or draw schedules between you and Wind Pump Power, LLC.

**INTERROGATORY NO. 20**:

Identify and describe all any and all agreements for the use or shared use of trademarks, trade names and/or service marks between you and Wind Pump Power.

**INTERROGATORY NO. 21**:

If you have ever been named as a party to a civil action, identify:

(a) The parties to the case;

(b) The court in which the case was filed;

(c) The disposition of the case; and

(d) The name and address of the attorney, if any, representing you in the case.

Dated:  June 1, 2012.

McDonald Carano Wilson LLP

LEIGH GODDARD
JESSICA WOELFEL

Attorneys for Plaintiff / Counter-Defendant
Nevada Controls, LLC

## CERTIFICATE OF SERVICE

I hereby certify, under penalty of perjury, that I am an employee of McDonald Carano Wilson LLP and that on this date I caused to be delivered in the United States mail, enclosed in a sealed envelope, upon which first class postage was fully prepaid and affixed thereto, a true copy of foregoing document addressed to the individual listed below at their last known business address as follows:

Michael R. Kealy
Robert W. DeLong
Parsons Behle & Latimer
50 W. Liberty Street, Suite 750
Reno, Nevada 89501

DATED:  June 1, 2012.

Pamela Miller

8

# EXHIBIT 4

# EXHIBIT 4

1  LEIGH GODDARD, NV Bar #6315
   JESSICA WOELFEL, NV Bar #11885
2  McDonald Carano Wilson LLP
   100 West Liberty Street, 10th Floor
3  P.O. Box 2670
   Reno, NV 89505-2670
4  Telephone:  (775) 788-2000
   Facsimile: (775) 788-2020
5  Email: lgoddard@mcdonaldcarano.com
   and jwoelfel@mcdonaldcarano.com
6

7  *Attorneys for Plaintiff / Counter-Defendant*
   *Nevada Controls, LLC*
8

9              UNITED STATES DISTRICT COURT

10                  DISTRICT OF NEVADA

11                         * * *

12  NEVADA CONTROLS, LLC, a Nevada        Case No.: 3:12-cv-00068-HDM-VPC
    Limited Liability Company,
13
             Plaintiff,
14  v.                                    **REQUEST FOR PRODUCTION OF
    WIND PUMP POWER, LLC, a Kansas         DOCUMENTS TO
15  Limited Liability Company, SUNFLOWER   SUNFLOWER WIND, LLC**
    WIND, LLC, a Kansas Limited Liability      **(First Set)**
16  Company; DAN RASURE, an individual,

17           Defendants.

18  _____/

19      Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Counter-

20  Plaintiff Nevada Controls, LLC requests that Defendant Sunflower Wind, LLC produce

21  for inspection and copying the documents described in these papers.  Production shall

22  occur within thirty (30) days of service at the offices of McDonald Carano Wilson LLP,

23  located at 100 West Liberty Street, 10th Floor, Reno, Nevada 89501.

24                         <u>DEFINITIONS</u>

25      The following definitions and rules of construction apply to these discovery

26  requests:

27      1.    <u>Communication</u>.  The term "communication" means the transmittal of

28  information (in the form of facts, ideas, inquiries or otherwise).

2.     Document.   The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a).   A draft or non-identical copy is a separate document within the meaning of this term.

3.     Identify (With Respect to Persons).   When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment.   Once a person has been identified in accordance with this paragraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

4.     Identify (With Respect to Documents).   When referring to documents, "to identify" means to give, to the extent known, (i) the type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

5.     Parties.   The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate agent, subsidiaries or affiliates.   This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

6.     Person.   The term "person" is defined as any natural person or business, legal or governmental entity or association.

7.     Concerning.   The term "concerning" means relating to, referring to, describing, evidencing or constituting.

8.     All/Each.   The term "all" and "each" shall be construed as all and each.

9.     And/Or.   The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

McDONALD·CARANO·WILSON
100 WEST LIBERTY STREET, 10TH FLOOR • RENO, NEVADA 89501
P.O. BOX 2670 • RENO, NEVADA 89505-2670
PHONE 775-788-2000 • FAX 775-788-2020

1    10.    <u>Number</u>.   The use of the singular form of any word includes the plural

2  and vice versa.

3    11.    <u>You/Your</u>.   The terms "You" and "Your" means Sunflower Wind, LLC.

4                              **INSTRUCTIONS**

5      If you contend that any document which production is called for by this request is

6  privileged or otherwise beyond the scope of Rule 26 of the Federal Rules of Civil

7  Procedure, please identify that document with the following information:

8      1.    The type of document (e.g., report, letter, notes, notice, contract, etc.);

9      2.    The number of pages it comprises;

10    3.    The name of the person or persons who prepared or authored the

11  document;

12    4.    The name of each person to whom the document was addressed or

13  distributed or shown;

14    5.    The date of the document purporting to reflect the date the document was

15  prepared or transmitted;

16    6.    A general description of the subject matter of the document; and, if

17  applicable;

18    7.    The name of the person who asked that the document be prepared.

19      If you contend that only a portion of a document which production is called for by

20  this request is privileged or otherwise not subject to production, please produce a copy

21  of the entire document deleting the privileged or objectionable portion.  With respect to

22  the deleted portion, to the extent that the produced portion of the document does not do

23  so, you should provide the same information which would be provided if the entire

24  document were withheld as privileged.

25      Finally, this request reaches all documents which are within your possession,

26  custody or control.  A document is deemed within your possession, custody or control if

27  you have the legal right to obtain it, whether or not you now have physical possession

28  of it.  Thus, you must obtain and produce all documents within the possession or

McDONALD·CARANO·WILSON℠
100 WEST LIBERTY STREET, 10TH FLOOR • RENO, NEVADA 89501
P.O. BOX 2670 • RENO, NEVADA 89505-2670
PHONE 775-788-2000 • FAX 775-788-2020

custody of people or entities over whom you have control, such as secretaries, employees, attorneys, experts, accountants, agents or others.  If you have knowledge of the existence of documents responsive to this request but contend that they are not within your possession, custody or control, please provide the following information:

      1.     A description of the documents, including in your description as much detail as possible;

      2.     The identity of the person or entity, including his, her or its address, believed by you to have possession or custody of the documents or any copies of them at this time; and

      3.     A description of the efforts, if any, you have made to obtain possession or custody of the documents.

This discovery request is continuing in nature, and Plaintiff hereby demands that any responsive document coming into your possession subsequent to your original response to this discovery request be promptly furnished to Plaintiff pursuant to Nev. R. Civ. P. 26(e).

## DOCUMENTS TO BE PRODUCED

**REQUEST NO. 1**: All documents you described or relied upon in preparing the responses to Plaintiffs Interrogatories to Sunflower Wind (First Set).

**REQUEST NO. 2**:  Any and all organizational documents of Sunflower Wind, including but not limited to, documents referring to or reflecting the formation of Wind Pump Power as a limited liability company, operating agreements, initial and/or annual lists of officers and directors, initial and/or annual members and/or manager lists, member agreements, membership rolls, partnership agreements, stock certificates, shareholder rolls, shareholder agreements, name changes, name reservations, amendments, trade mark registration, and any other similar document including all documents filed with the office of the Secretary of State of Kansas.

///

///

**REQUEST NO. 3**:  Any and all inter-company loan agreements/guarantees and/or draw schedules between Sunflower Wind and Wind Pump Power, LLC and/or Dan Rasure, from the formation of Sunflower Wind to and including the present.

**REQUEST NO. 4**:  Any and all agreements for use of trademarks, trade names and/or service marks or documents relating to the general shared use of the same trademarks or trade names or service marks between Sunflower Wind and Wind Pump Power, LLC, from the formation of Sunflower Wind to and including the present.

**REQUEST NO. 5**:  Any and all asset sale agreements between Sunflower Wind and Wind Pump Power, LLC, from the formation of Sunflower Wind to and including the present.

**REQUEST NO. 6**:  Any and all insurance contracts whether for fire and other hazards, business interruption, workers' compensation, and/or liability protection insuring Wind Pump Power and Sunflower Wind, from the formation of Sunflower Wind to and including the present.

**REQUEST NO. 7**:  Any and all copies of real property or equipment lease agreements, including but not limited to, expense sharing, between Wind Pump Power and Sunflower Wind.

**REQUEST NO. 8**:  Any and all financial statements, audited or otherwise, reflecting assets, liabilities, income and expenses of Sunflower Wind whether reported separately or on a consolidated basis beginning with the time of formation of Wind Pump Power through and including the present.

**REQUEST NO. 9**:  Any and all financial records of Sunflower Wind from the time of its formation through and including the present, including computer files and programs, whether using Quick Books or other bookkeeping software, whether maintained separately for Sunflower Wind or on a consolidated basis with the financial records of other individuals or entities; said records to include, but not be limited to: charts of accounts, capital accounts, general ledgers, trial balances, invoices, purchase orders, checks written, charges made, payroll expenses, tax expenses, payments to

related entities, and receipts from related entities.

**REQUEST NO. 10**:  Copies of any and all business licenses issued to you from any state, town, city, or county.

**REQUEST NO. 11**:  Any and all documents that depict, indicate, reflect or refer to the amount and source of funds used to capitalize Sunflower Wind from its formation to present.

**REQUEST NO. 12**:  Any and all documents depicting or reflecting the purchase or lease by Sunflower Wind of any equipment, parts, turbine blades, helical piers, foundations, services, supplies or materials for the Austin Project identified in the Complaint.

**REQUEST NO. 13**:  Any and all documents depicting or reflecting any credit or refund provided to Sunflower Wind, resulting from any returned equipment, parts, turbine blades, supplies or materials for the Austin Project identified in the Complaint.

**REQUEST NO. 14**:  Any and all documents submitted to the California Energy Commission (CEC), New York State Energy Research and Development Authority, Oregon Energy Trust, the American Wind Energy Association or any other entity for certification of the WPP 100, 100 kW wind turbines.

**REQUEST NO. 15**: Any and all correspondence, memoranda or electronic mail from or to you, discussing, depicting, reflecting or referring to the project referred to in the Complaint as the Austin Project.

///
///
///
///
///
///
///
///

1      **REQUEST NO. 16**: Any and all correspondence, memoranda or electronic mail

2  from or to you discussing, depicting, reflecting or referring to equipment, materials,

3  supplies, blades, parts, services or materials to be installed or in any way utilized at the

4  project referred to in the Complaint as the Austin Project.

5      Dated:  June 1, 2012.

6                                 McDonald Carano Wilson LLP

7

8                                 LEIGH GODDARD

9                                 JESSICA WOELFEL

10                                 Attorneys for Plaintiff / Counter-Defendant
Nevada Controls, LLC

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

McDONALD·CARANO·WILSON
100 WEST LIBERTY STREET, 10TH FLOOR • RENO, NEVADA 89501
PO. BOX 2670 • RENO, NEVADA 89505-2670
PHONE 775-788-2000 • FAX 775-788-2020

1

### CERTIFICATE OF SERVICE

2    I hereby certify, under penalty of perjury, that I am an employee of McDonald

3 Carano Wilson LLP and that on this date I caused to be delivered in the United States

4 mail, enclosed in a sealed envelope, upon which first class postage was fully prepaid

5 and affixed thereto, a true copy of foregoing document addressed to the individual

6 listed below at their last known business address as follows:

7    Michael R. Kealy
     Robert W. DeLong
8    Parsons Behle & Latimer
     50 W. Liberty Street, Suite 750
9    Reno, Nevada  89501

10

11   DATED:  June 1, 2012.

12

13                                    Pamela Miller

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                      8