# EXHIBIT 7

# EXHIBIT 7

LEIGH GODDARD, NV Bar #6315
JESSICA WOELFEL, NV Bar #11885
McDonald Carano Wilson LLP
100 West Liberty Street, 10th Floor
P.O. Box 2670
Reno, NV 89505-2670
Telephone: (775) 788-2000
Facsimile: (775) 788-2020
Email: lgoddard@mcdonaldcarano.com
and jwoelfel@mcdonaldcarano.com

*Attorneys for Plaintiff / Counter-Defendant
Nevada Controls, LLC*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
* * *

| | |
|---|---|
| NEVADA CONTROLS, LLC, a Nevada Limited Liability Company,<br><br>Plaintiff,<br>v.<br><br>WIND PUMP POWER, LLC, a Kansas Limited Liability Company, SUNFLOWER WIND, LLC, a Kansas Limited Liability Company; DAN RASURE, an individual,<br><br>Defendants.<br>_____ / | Case No.: 3:12-cv-00068-HDM-VPC<br><br>**DECLARATION OF LEIGH GODDARD IN SUPPORT OF MOTION TO COMPEL** |

I, LEIGH GODDARD, do solemnly swear under penalty of perjury that the assertions contained in this declaration are true and correct.

1.   I am over the age of eighteen (18) years. I have personal knowledge of the facts stated within this declaration, except where stated to be upon information and belief, and as to that information, I believe it to be true. If called as a witness, I would be competent to testify to these facts.

2.   This declaration is made in support of the Plaintiff Nevada Controls, LLC's Motion to Compel.

3.   I am a partner in the law firm of McDonald Carano Wilson LLP and a member of the firm's complex litigation practice group. I serve as lead counsel in this

action and have directly supervised the work of attorneys Jessica Woelfel and Adam Hosmer-Henner.

4.  On June 1, 2012, Nevada Controls served written discovery requests upon Defendant.  A true and correct copy of the Interrogatories to Wind Pump Power, LLC (First Set) is attached to the Motion as Ex. 1.  A true and correct copy of the Request for Production of Documents to Wind Pump Power, LLC (First Set) is attached to the Motion as Ex. 2.  A true and correct copy of the Interrogatories to Sunflower Wind, LLC (First Set) is attached to the Motion as Ex. 3.  A true and correct copy of the Request for Production of Documents to Sunflower Wind, LLC (First Set) is attached to the Motion as Ex. 4.  A true and correct copy of the Interrogatories to Dan Rasure (First Set) is attached to the Motion as Ex.5.  A true and correct copy of the Request for Production of Documents to Dan Rasure (First Set) is attached to the Motion as Ex. 6.

5.  Defendants' responses to the requests were due on or before July 5, 2012.

6.  On July 3, 2012, Dan Rasure contacted Nevada Controls' counsel, Jessica Woelfel, and requested an extension of time to respond to the discovery requests.  The extension was not granted, and yet the responses still have not been provided.  A true and correct copy of that e-mail chain is attached to the Motion as Ex. 8.

7.  On August 23, 2012, I contacted Defendants via e-mail requesting that the discovery responses be provided immediately.  A true and correct copy of my August 23, 2012 e-mail correspondence is attached to the Motion as Ex. 9.

8.  During a hearing on Nevada Controls' Motion to Strike on August 23, 2012, Defendant Rasure informed Judge Howard McKibben that he had retained out-of-state counsel, Jerry Wieslander, to represent him and the other Defendants.

9.  As a result of that representation, on August 29, 2012, I spoke to Mr. Wieslander, who has not yet appeared in this action because Defendants have not retained local counsel.  During that conversation, we discussed the fact that the

1  discovery responses were overdue. Mr. Wieslander suggested that I send an e-mail to
2  Dan Rasure, with a copy to Mr. Wieslander, to once again request the discovery
3  responses and to address the case agenda.

4      10.    On August 30, 2012, I again wrote to Defendants, and their out-of-state
5  counsel, Jerry Wieslander, to inquire about the long overdue discovery responses. A
6  true and correct copy of the August 30, 2012 e-mail is attached to the Motion as Ex.
7  10.

8      11.    Having received no response to my August 30, 2012, e-mail, on
9  September 17, 2012, I again sent an e-mail to Defendants regarding the overdue
10 discovery responses and requesting a telephone call. A true and correct copy of that e-
11 mail is attached to the Motion as Ex. 11.

12     12.    There has been no response to any of my attempts to contact Defendants
13 via e-mail or through their out-of-state counsel. More important, Defendants have
14 failed to serve their discovery responses.

15     13.    Nevada Controls has incurred legal fees and costs associated with my
16 attempts to resolve the outstanding discovery dispute, and the preparation of this
17 motion. The fees incurred to date are approximately $2,815.00.

18     14.    It is not known whether Defendants will oppose the Motion to Compel or
19 whether Nevada Controls will be required to file a reply in support of the motion to
20 compel. If the motion is opposed, it is estimated that Nevada Controls will incur an
21 additional $1,500.00 in attorneys' fees.

22 DATED: September 25, 2012.

_____
LEIGH GODDARD

3