MARK A. GOODMAN, ESQ.
Nevada State Bar No. 10357
GOODMAN LAW CENTER, P.C.
348 Mill Street
Reno, Nevada  89501
Telephone:  (775) 473-4268
Facsimile:   (775) 996-8787
Email:  Mark@Goodmanlawnevada.com
Attorney for Defendants/Counterclaimants
WIND PUMP POWER, LLC
SUNFLOWER WIND, LLC
DAN RASURE

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \* \* \*

| | |
|---|---|
| NEVADA CONTROLS, LLC, a Nevada Limited Liability Company, | Case No. 3-12-cv-00068-HDM-VPC |
| Plaintiff, | **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE AND REQUEST FOR ENTRY OF DEFAULT AGAINST DEFENDANTS WIND PUMP POWER, LLC AND SUNFLOWER WIND, LLC** |
| v. | |
| WIND PUMP POWER, LLC, a Kansas Limited Liability Company, SUNFLOWER WIND, LLC, a Kansas Limited Liability Company; DAN RASURE, an individual, | |
| Defendants. | |
| WIND PUMP POWER, LLC, a Kansas Limited Liability Company, | |
| Counterclaimant, | |
| v. | |
| NEVADA CONTROLS, LLC, a Nevada Limited Liability Company, | |
| Counterdefendant. | |

COME NOW, the Defendant, SUNFLOWER WIND, LLC ("Sunflower Wind"), and the Defendant/ Counterclaimant, WIND PUMP POWER, LLC ("Wind Pump Power")

(hereinafter referred to collectively as "Defendants"), by and through their special attorney of record, MARK A. GOODMAN, ESQ., of GOODMAN LAW CENTER, P.C., and herewith file their Opposition to "Plaintiff's Motion to Strike and Request for Entry of Default against Defendants Wind Pump Power, LLC and Sunflower Wind, LLC" (Docket No. 28), filed July 13, 2012, by the Plaintiff, NEVADA CONTROLS, LLC ("Nevada Controls").

**BRIEF STATEMENT OF FACTS**

On July 13, 2012, Nevada Controls filed its instant Motion to Strike and Request for Entry of Default (Docket No. 28).

On August 7, 2012, the Court entered its Minute Order in Chambers (Docket No. 30), setting Nevada Control's Motion to Strike and Request for Entry of Default for Hearing at 10:30 a.m. on Thursday, August 23, 2012.

On August 20, 2012, the Court entered its Minute Order in Chambers (Docket No. 31), ordering that Nevada Control's Motion to Strike and Request for Entry of Default, set for 10:30 a.m. on Thursday, August 23, 2012, should be conducted telephonically before the Court, and that all parties should appear telephonically.

On August 23, 2012, a telephonic Hearing was conducted before the Court (Docket No. 32), at which time the Court ordered that Nevada Control's Motion to Strike and Request for Entry of Default would be reset for Hearing at 9:30 a.m. on Tuesday, November 6, 2012, and that the Hearing would go forward on that date whether Defendant, DAN RASURE ("Mr. Rasure"), had secured counsel or not.

On September 25, 2012, Nevada Controls filed its Motion to Compel Discovery Responses (Docket No. 33).

On October 18, 2012, the Court entered its Minute Order in Chambers (Docket No. 35), ordering Defendants to respond to outstanding discovery requests no later than October 26, 2012.

On October 25, 2012, Nevada Controls filed its Statement of Attorney Fees and Costs (Docket No. 36), requesting an award of attorney fees and costs in the total amount of $2,004.10.

On October 26, 2012, Mr. Goodman filed his Notice of Special Appearance (Docket No. 37).

On October 29, 2012, the Court entered its Order (Docket No. 40), continuing the Hearing on Nevada Control's Motion to Strike and Request for Entry of Default until 10:30 a.m. on Wednesday, November 14, 2012.

## POINTS AND AUTHORITIES

### I

### DEFENDANTS NOW ARE REPRESENTED BY COUNSEL, AND THE COURT RESPECTFULLY SHOULD DECLINE NEVADA CONTROL'S INVITATION TO STRIKE DEFENDANTS' ANSWERS AND COUNTERCLAIMS, AND TO ENTER DEFAULT AGAINST DEFENDANTS.

In support of its Motion to Strike and for Entry of Default Judgment, Nevada Controls relies heavily upon the Ninth Circuit cases of *United States v. High Country Broadcasting Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993) and *Shearson Loeb Rhodes, Inc. v. Quinard*, 751 F.2d 1102, 1103 (9th Cir. 1985). In turn, both of these two Ninth Circuit cases rely exclusively upon the Ninth Circuit case of *United States v. Sumitomo Marine & Fire Ins. Co.*, 617 F.2d 1365, 1369 (9th Cir. 1980).

In *Sumitomo, supra*, the United States Court of Appeals for the Ninth Circuit articulated its rationale for applying sanctions, as follows:

> "Rule 37(b) of the Federal Rules of Civil Procedure provides a wide range of sanctions for a party's failure to comply with court discovery orders.  <u>In ascending order of harshness, the district court may: require the delinquent party or his attorney to pay the reasonable expenses, including attorney's fees, incurred by the innocent party as a result of the failure to obey the order; strike out portions of pleadings; deem certain facts as established for purposes of the action or preclude admission of evidence on designated matters; dismiss all or part of the action; or render a default judgment against the disobedient party</u>. See Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp., 602 F.2d 1062, 1066 (2d Cir. 1979).  <u>The choice among the various sanctions rests within the discretion of the district court</u>.  Fed.R.Civ.P. 37(b)(2).  We therefore review the district court's order to determine whether the sanctions imposed constituted an abuse of discretion.  National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 642, 96 S. Ct. 2778, 2780, 49 L. Ed. 2d 747 (1976) (per curiam); Anderson v. Air West, Inc., 542 F.2d 1090, 1092 (9th Cir. 1976).  This discretion will not be disturbed unless we have '"a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors.'" Anderson v. Air West, Inc., 542 F.2d supra at 524 (quoting In re Josephson, 218 F.2d 174, 182 (1st Cir. 1954)).
>
> "…
>
> "<u>A district court's use of sanctions in order to achieve these objectives is tempered by the requirements of due process.  For example, 'when it has been established that failure to comply (with court discovery orders) has been due to inability, and not to willfulness, bad faith, or any fault of (the disobedient party),' the harshest sanction of dismissal is improper</u>.  Societe Internationale Pour Participations Industrielles et Commerciales v. Rogers, 357 U.S. 197, 212, 78 S. Ct. 1087, 1096, 2 L. Ed. 2d 1255 (1958).  Thus, neither dismissal nor preclusion of evidence that is tantamount to dismissal may be imposed when the failure to comply with discovery orders is due to circumstances beyond the disobedient party's control.  G-K Properties v. Redevelopment Agency, 577 F.2d 645, 648 (9th Cir. 1978); Anderson v. Air West, Inc., supra, 542 F.2d at 1093.  See Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp., supra, 602 F.2d at 1066; Note, The Emerging Deterrence Orientation in the Imposition of Discovery Sanctions, 91 Harv.L.Rev. 1033, 1050 (1978)." 617 F.2d at 1369 (emphasis added).

In the present case, Mr. Rasure has made diligent efforts to retain counsel for Defendants in the State of Nevada, but he nevertheless has experienced considerable difficulty in doing so.  Defendants now are represented by counsel, and Defendants now are responding to Nevada Control's discovery requests.  In addition, the Court already has sanctioned Defendants $2,004.10 in attorney's fees and costs in its October 18, 2012, Minute Order in Chambers (Docket Nos. 35 and 36).

Thus, although the choice among the various discovery sanctions rests in the sound discretion of the Court, where, as here, Defendants' failure to comply with the Court's discovery orders has been due to inability, and not to willfulness, bad faith, or any fault of Defendants, the harshest sanction of dismissal would be improper.  *See, Sumitomo, supra*, 617 F.2d at 1369.

## **CONCLUSION**

For all of the above-stated reasons, the Court respectfully should decline Nevada Control's invitation to strike Defendants' Answers and Counterclaims, and to enter default against Defendants.

DATED:  Tuesday, November 13, 2012.

GOODMAN LAW CENTER
/s/MARK A. GOODMAN, ESQ.
_____
MARK A. GOODMAN, ESQ.
Nevada State Bar No. 10357
GOODMAN LAW CENTER, P.C.
348 Mill Street
Reno, Nevada  89501
Telephone:  (775) 473-4268
Facsimile:   (775) 996-8787
Email:  Mark@Goodmanlawnevada.com
Attorney for Defendants/Counterclaimants
WIND PUMP POWER, LLC
SUNFLOWER WIND, LLC
DAN RASURE

**CERTIFICATE OF SERVICE**

Pursuant to NRCP 5(b), I certify that I am an agent of GOODMAN LAW CENTER, P.C., and that I caused a true and correct copy of **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE AND REQUEST FOR ENTRY OF DEFAULT AGAINST DEFENDANTS WIND PUMP POWER, LLC AND SUNFLOWER WIND, LLC** to be served by:

[   ]   (BY MAIL) on all parties in said action, by placing a true copy thereof enclosed in a sealed envelope in a designated area for outgoing mail, addressed as set forth below.  At the Law Offices of Goodman Law Center, P.C., mail placed in that designated area is given the correct amount of postage and is deposited that same date in the ordinary course of business, in a United States mailbox in the City of Reno, County of Washoe, Nevada.

[   ]   (BY PERSONAL DELIVERY) by causing a true copy thereof to be hand delivered this date to the addressee(s) at the address(es) set forth below.

[   ]   (BY FACSIMILE) on the parties in said action by causing a true copy thereof to be telecopied to the number indicated after the address(es) noted below.

[   ]   Federal Express or other overnight delivery

[ x ]   Reno/Carson Messenger Service

addressed, as follows:

   Leigh Goddard, Esq.
   Jessica Woelfel, Esq.
   McDonald Carano Wilson LLP
   100 West Liberty Street, 10th Floor
   Post Office Box 2670
   Reno, Nevada  89505-2670

   DATED:  Tuesday, November 13, 2012.

                                        /s/ Paula Rodriguez
                                        _____
                                        PAULA RODRIGUEZ, CLA
                                        Legal Assistant to Mr. Goodman