MARK A. GOODMAN, ESQ.
Nevada State Bar No. 10357
GOODMAN LAW CENTER, P.C.
348 Mill Street
Reno, Nevada  89501
Telephone:  (775) 473-4268
Facsimile:   (775) 996-8787
Email:  Mark@Goodmanlawnevada.com
Attorney for Defendants/Counterclaimants
WIND PUMP POWER, LLC
SUNFLOWER WIND, LLC
DAN RASURE

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * * * *

| | |
|---|---|
| NEVADA CONTROLS, LLC, a Nevada Limited Liability Company, | ) Case No. 3-12-cv-00068-HDM-VPC |
| Plaintiff, | ) |
| v. | ) **SUNFLOWER WIND, LLC'S.** <br> ) **OPPOSITION TO PLAINTIFF'S** <br> ) **MOTION TO STRIKE ITS ANSWER** |
| WIND PUMP POWER, LLC,  a Kansas Limited Liability Company, SUNFLOWER WIND, LLC, a Kansas Limited Liability Company; DAN RASURE, an individual, | ) |
| Defendants. | ) |
| WIND PUMP POWER, LLC, a Kansas Limited Liability Company, | ) |
| Counterclaimant, | ) |
| v. | ) |
| NEVADA CONTROLS, LLC, a Nevada Limited Liability Company, | ) |
| Counterdefendant. | ) |

COMES NOW, the Defendant, SUNFLOWER WIND, LLC ("Sunflower Wind"),

by and through its counsel of record, MARK A. GOODMAN, ESQ., of GOODMAN

1

LAW CENTER, P.C., and pursuant to the Court's "Amended Minutes of Proceedings" (Docket No. 74), filed June 12, 2013, herewith files its Opposition to the Motion to Strike its Answer, filed by the Plaintiff, NEVADA CONTROLS, LLC ("Nevada Controls"), which Motion is contained in "Plaintiff Nevada Controls' Motion to Compel" (Docket No. 57), filed April 18, 2013, at pages 10-12.

**POINTS AND AUTHORITIES**

**I**

**THE COURT SHOULD RESPECTFULLY DECLINE NEVADA CONTROL'S INVITATION TO STRIKE SUNFLOWER WIND'S ANSWER.**

Nevada Controls argues that the Court should strike Sunflower Wind's Answer because the five (5) factors articulated by the Ninth Circuit in *Connecticut General Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007), supposedly all militate strongly in favor of Nevada Controls. Sunflower Wind strongly disagrees. This most assuredly is not so.

1.      The Public Interest.

In its Motion, Nevada Controls observes that it commenced this litigation more than a year ago, and that, although Sunflower Wind has filed an Answer, it has not otherwise participated in discovery. *See, id.*, p. 11, ll. 14-20. This observation is true insofar as it goes; however, it does not go far enough. To the extent that Sunflower Wind has not participated in discovery, it is simply because Sunflower Wind has nothing whatsoever to do with this case. Sunflower Wind closed for business on January 6, 2011, long before Nevada Controls even entered the picture; indeed, Nevada Controls has no basis in fact for even naming Sunflower Wind as a party defendant. At the very least,

Sunflower Wind has a meritorious defense in this case.  Thus, this factor militates strongly in favor in Sunflower Wind, and does <u>not</u> militate in favor of Nevada Controls.

2.      The Court Docket.

In its Motion, Nevada Controls states that there have been "numerous changes to the case deadlines and schedules, which have been adjusted due to <u>the Defendants' delays</u> in retaining counsel and in responding to discovery."  *See, id.*, p. 11, ll. 21-25 (emphasis added).  This may very well be true, but most of these "changes" and "adjust[ments]" have had little or nothing to do with Sunflower Wind.  Thus, this factor militates strongly in favor in Sunflower Wind, and does <u>not</u> militate in favor of Nevada Controls.

3.      The Risk of Prejudice.

In its Motion, Nevada Controls argues that it would be prejudiced "by the repeated delays in the case" and by Sunflower Wind's "refusal to participate in the discovery."  As previously noted, to the extent that Sunflower Wind has not participated in discovery, it is simply because Sunflower Wind has nothing whatsoever to do with this case; furthermore, as previously noted, the "repeated delays in the case" have had little or nothing to do with Sunflower Wind.  Thus, this factor militates strongly in favor in Sunflower Wind, and does <u>not</u> militate in favor of Nevada Controls.

4.      The Public Policy Favoring Disposition of Cases on the Merits.

In its Motion, Nevada Controls acknowledges, as it must, that if the Court were to strike Sunflower Wind's Answer, then there would <u>not</u> be a resolution of this case on its merits.  *See, id.*, p. 12, ll. 1-4.  As previously noted, and at the very least, Sunflower Wind has a meritorious defense in this case; furthermore, and as previously noted, Sunflower Wind has absolutely nothing whatsoever to do with this case.  Thus, this factor militates HUGELY in favor in Sunflower Wind, and does <u>not</u> militate in favor of Nevada Controls.

5.      The Availability of Less Drastic Sanctions.

In its Motion, Nevada Controls states that "[t]he Court has entered two orders compelling Sunflower Wind to provide its discovery responses, and it has also ordered the Defendants to pay a sanction in the form of Nevada Controls' attorneys' fees and costs." *See, id.*, p. 12, ll. 5-14 (emphasis added).  This may very well be true, but all of this had little or nothing to do with Sunflower Wind.  Furthermore, in its Motion, Nevada Controls acknowledges, as it must, that the Court has not yet informed Sunflower Wind "that there is the potential for case-ending sanctions."  *See, id.*, p. 12, ll. 5-18.  Thus, this factor militates strongly in favor in Sunflower Wind, and does <u>not</u> militate in favor of Nevada Controls.

In addition, pursuant to the Court's "Amended Minutes of Proceedings" (Docket No. 74), filed June 12, 2013, Sunflower Wind simultaneously is providing its answers to Nevada Controls' written discovery, even though Sunflower Wind has nothing whatsoever to do with this case.

## CONCLUSION

For all of the above-stated reasons, the Court respectfully should decline Nevada Control's invitation to strike Sunflower Wind's Answer in this case; to the contrary, the Court affirmatively should permit Sunflower Wind an opportunity to demonstrate that is has nothing whatsoever to do with this case, through appropriate discovery and motion

///

///

///

///

///

4

practice.

DATED:  Wednesday, June 19, 2013.

GOODMAN LAW CENTER

/s/ Mark A. Goodman
_____

MARK A. GOODMAN, ESQ.
Nevada State Bar No. 10357
GOODMAN LAW CENTER, P.C.
348 Mill Street
Reno, Nevada  89501
Telephone:  (775) 473-4268
Facsimile:   (775) 996-8787
Email:  Mark@Goodmanlawnevada.com
Attorney for Defendants/Counterclaimants
WIND PUMP POWER, LLC
SUNFLOWER WIND, LLC
DAN RASURE

5

## CERTIFICATE OF SERVICE

Pursuant to NRCP 5(b), I certify that I am an agent of GOODMAN LAW CENTER, P.C., and that I caused a true and correct copy of **SUNFLOWER WIND, LLC'S. OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE ITS ANSWER,** to be served by:

[   ] (BY MAIL) on all parties in said action, by placing a true copy thereof enclosed in a sealed envelope in a designated area for outgoing mail, addressed as set forth below. At the Law Offices of Goodman Law Center, P.C., mail placed in that designated area is given the correct amount of postage and is deposited that same date in the ordinary course of business, in a United States mailbox in the City of Reno, County of Washoe, Nevada.

[   ] (BY PERSONAL DELIVERY) by causing a true copy thereof to be hand delivered this date to the addressee(s) at the address(es) set forth below.

[   ] (BY FACSIMILE) on the parties in said action by causing a true copy thereof to be telecopied to the number indicated after the address(es) noted below.

[   ] Federal Express or other overnight delivery

[   ] Reno/Carson Messenger Service

addressed, as follows:

Leigh Goddard, Esq.                              via this Court's ECF system
Jessica Woelfel, Esq.
McDonald Carano Wilson LLP
100 West Liberty Street, 10th Floor
Post Office Box 2670
Reno, Nevada  89505-2670

DATED:  Wednesday, June 19, 2013.

/s/ Paula Rodriguez

_____
PAULA RODRIGUEZ, CLA
Legal Assistant to Mr. Goodman

6