**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| NEVADA CONTROLS, LLC, a Nevada Limited Liability Company, | 3:12-cv-00068-HDM-VPC |
| Plaintiff, | |
| vs. | ORDER |
| WIND PUMP POWER, LLC, a Kansas Limited Liability Company, SUNFLOWER WIND, LLC, a Kansas Limited Liability Company, DAN RASURE, an individual, | |
| Defendants. | |

Before this court is the plaintiff's motion for attorney's fees and costs, Mot. Att'y Fees, ECF No. 47, pursuant to the court's minute order of November 14, 2012. ECF No. 43. Plaintiff filed the motion on November 29, 2012 and the defendants have not responded to the motion.

On June 14, 2012 the magistrate judge ordered defendants to obtain counsel by July 5, 2012. ECF No. 27. The defendants failed to follow the order. Thus, the plaintiff filed a motion to strike and request for entry of default judgment. Mot. Strike, ECF No. 28.

1

After several continuances, the hearing was held on November 14, 2012.

At the hearing, defendants' counsel was present and confirmed he would appear on behalf of the defendants for all matters in this action. ECF No. 43. Therefore, the motion to strike was denied, but the court granted leave for the plaintiffs to file an application for fees and costs associated with this matter.

The plaintiff filed the motion for attorney's fees and the defendants did not respond. Pursuant to Local Rule 7-2(d), "The failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." Since the defendants failed to respond, they are deemed to have consented to the plaintiff's motion and the court may award the plaintiffs reasonable attorneys fees and costs.

It is within the court's discretion to determine the reasonableness of the fees requested. *See Gates v. Deukmenjian*, 987 F.2d 1392, 1399(9th Cir. 1992). However, the court "is required to articulate...the reasons for its findings regarding the propriety of the hours claimed or for any adjustments it makes." *Id.*

The starting point for determining the reasonableness of the attorney's fees is the calculation of the "lodestar." *Caudle v. Bristow Optical Co., Inc.*, 224 F.3d 1014 (2000). In order to calculate the lodestar, the court must "mulitpl[y] the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Id.* at 1028.

After calculating the lodestar figure the court may "assess whether it is necessary to adjust the presumptively reasonable lodestar figure on the basis of the *Kerr* factors." *Morales v. City*

*of San Rafel*, 96 F.3d 359, 363 (9th Cir. 1996) (citing *Kerr v. Screen Guild Extras, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975). The factors the court may consider include:

> 1) the time and labor required, 2) the novelty and difficulty of the questions involved, 3) the skill requisite to perform the legal service properly, 4) the preclusion of other employment by the attorney due to acceptance of the case, 5) the customary fee, 6) whether the fee is fixed or contingent, 7) time limitations imposed by the client or the circumstances, 8) the amount involved and results obtained, 9) the experience, reputation, and ability of the attorney, 10) the undesirability of the case, 11) the nature and length of the professional relationship with the client, and 12) awards in similar cases.

*Morales*, 96 F.3d at 364 n.8 (citing *Kerr*, 526 F.2d at 70). However, "[t]here is a strong presumption the lodestar figure represents a reasonable fee. Only in rare instances should the lodestar figure be adjusted on the basis of other considerations." *Id.*

In the case at bar, plaintiffs claim attorney's fees for two attorneys – Leigh Goddard and Jessica Woelfel. According to the evidence filed by the plaintiff, Ms. Goddard spent a total of 2.75 hours working on the motion to strike. Her hourly rate is $350 per hour. The hours Ms. Goddard spent on the motion multiplied by her hourly rate result in a fee of $962.50. Ms. Woelfel spent a total of 3.75 hours working on the motion to strike. Her hourly rate is $275. The hours Ms. Woelfel spent on the motion multiplied by her hourly rate result in a fee of $1,031. The combined fees of the two lawyers results in a lodestar of $1,993.75.

The lodestar in this case is reasonable and it is not necessary for the court to make an adjustment. The attorney's fees requested by the plaintiff reflect an hourly rate that is consistent with local rates. They also properly reflect the number

3

of hours reasonably related to the work necessary to adequately respond to defendant's noncompliance.

Additionally, the plaintiffs incurred $92.46 in costs associated with photocopies and Westlaw research fees. The Ninth Circuit has held that reasonable attorney's fees "include certain litigation expenses" including non-taxable costs such as photocopies and legal research. *Grove v. Wells Fargo Financial California, Inc.*, 606 F.3d 577, 580 (9th Cir. 2010). Therefore, it is within the district court's discretion to include these costs in its award.

Accordingly, the plaintiff's motion for attorney's fees is **GRANTED** in the amount of $2,086.21.

**IT IS SO ORDERED.**

DATED: This 24th day of July, 2013.

_____
UNITED STATES DISTRICT JUDGE